JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **ED CV 18-1068 FMO (Ex)** | Date | **August 6, 2018** |
|---|---|---|---|
| Title | **Hasteny Real Estate Holdings, LLC v. Mario Cruz, <u>et</u> <u>al.</u>** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Remanding Action**

On November 22, 2017, Hasteny Real Estate Holdings, LLC ("plaintiff") filed a complaint ("Complaint") in the Riverside County Superior Court ("state court") against several defendants, including Deutsche Bank National Trust Company, as Trustee for the registered holders of Morgan Stanley ABS Capital Trust I Trust 2005-HE2, Mortgage Pass-Through Certificates, Series 2005-HE2 ("Deutsche" and collectively "defendants"), asserting claims for quiet title and declaratory relief. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1 & Exh. A, Complaint at 1, ¶¶ 28-35). On May 18, 2018, Deutsche removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, NOR at ¶ 2).

On June 18, 2018, plaintiff filed a Motion for Remand (Dkt. 25, "Motion"). On June 25, 2018, the court granted the parties' Stipulation to Continue the Hearing on Plaintiff's Motion for Remand (Dkt. 31), (see Dkt. 34, Court's Order of June 25, 2018, at 2), and setting July 12, 2018, as the deadline for filing an opposition to the Motion. (See id.). On July 12, 2018, the court granted the parties' second stipulation to continue the hearing on the Motion and re-set the deadline to file an opposition to July 19, 2018. (See Dkt. 44, Court's Order of July 12, 2018, at 2). Deutsche filed its Opposition to Motion to Remand (Dkt. 45, "Opp."), on July 20, 2018. (See id.). The Opposition, which, despite two extensions of time, (see Dkt. 34, Court's Order of June 25, 2018, at 2; Dkt. 44, Court's Order of July 12, 2018, at 2), was filed a day late, (see Dkt. 45, Opp. at 1), consisted of only seven sentences. (See id. at 2-3).

In any event, having reviewed the pleadings, and the briefing on the Motion, the court hereby remands this action to state court for lack of subject matter jurisdiction, see 28 U.S.C. § 1447(c), and because removal was untimely.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" <u>Kokkonen</u> v. <u>Guardian</u> <u>Life</u> <u>Ins.</u> <u>Co.</u> of <u>Am.</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See <u>DaimlerChrysler</u> <u>Corp.</u> <u>v.</u> <u>Cuno</u>, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction <u>sua</u> <u>sponte</u> before proceeding to the merits of a case, see <u>Ruhrgas</u> <u>AG</u> <u>v.</u> <u>Marathon</u> <u>Oil</u> <u>Co.</u>, 526 U.S. 574, 583, 119

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1068 FMO (Ex)** | Date | **August 6, 2018** |
|----------|----------------------------|------|--------------------|

| Title | **Hasteny Real Estate Holdings, LLC v. Mario Cruz, et al.** |
|-------|-------------------------------------------------------------|

S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (stating that a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached operative complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1068 FMO (Ex)** | Date | **August 6, 2018** |
|---|---|---|---|

| Title | **Hasteny Real Estate Holdings, LLC v. Mario Cruz, et al.** |
|---|---|

U.S.C. § 1441(a);[1] Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

The Complaint asserts only state-law claims, (see Dkt. 1, Exh. A, Complaint at ¶¶ 28-35; id., Amended Complaint at ¶¶ 28-25), and discloses no federal statutory or constitutional question that would support federal question jurisdiction. (See, generally, id.). Although Deutsche refers to complete preemption as a grounds for removal, (see Dkt. 1, NOR at ¶¶ 2-3, 8), it does so with little analysis or authority. (See, generally, id.). Moreover, to the extent Deutsche relies on preemption as a defense,[2] it is insufficient to confer federal question jurisdiction, for it is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc., 482 U.S. at 393, 107 S.Ct. at 2430. In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

Additionally, as plaintiff points out, removal of the action was untimely.[3] (See Dkt. 25, Motion at 4). Although plaintiff devoted over three pages to this argument, (see id. at 4-7), Deutsche did not respond to it. (See, generally, Dkt. 45, Opp.). The failure to respond to this contention is construed as a concession that plaintiff's argument is meritorious. See, e.g., GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (stating, when plaintiff failed to oppose a motion as to a particular issue, that "the Court construes as a concession that this claim element [is] not satisf[ied];" Hall v. Mortg. Investors Grp., 2011 WL 4374995, *5 (E.D. Cal.

---

[1] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] Deutsche also referred in its NOR to a bankruptcy proceeding involving other defendants. (See Dkt. 1, NOR at ¶ 9). However, plaintiff notes that there "is no open bankruptcy case[.]" (See Dkt. 25, Motion at 16; see also id. at 16-17). Deutsche did not meaningfully respond to this contention. (See, generally, Dkt. 45, Opp. at 2-3).

[3] Plaintiff raises other procedural irregularities. (See Dkt. 25, Motion at 4-8). However, given the court's determination regarding subject matter jurisdiction and untimeliness, the court will not address them.

## CIVIL MINUTES - GENERAL

| Case No. | **ED CV 18-1068 FMO (Ex)** | Date | **August 6, 2018** |
|---|---|---|---|
| Title | **Hasteny Real Estate Holdings, LLC v. Mario Cruz, <u>et</u> <u>al.</u>** | | |

2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose . . . on this basis serves as a concession[.]"). As such, Deutsche has not met its burden of establishing that removal was proper. <u>See</u> <u>Gaus</u>, 980 F.2d at 566 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## <u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion **(Document No. 25)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Riverside, 30755-D Auld Road, Suite 1226, Murietta, CA 92563, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

4. The Clerk's entry of default (Document No. 33) is set aside.

5. Any pending motion is denied without prejudice subject to re-filing in the state court in accordance with the state court's rules and procedures.

Initials of Preparer _____vdr_____